# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2021

Lyle W. Cayce
Clerk

No. 20-50325
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Danny Ray Williams,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-204-1

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:[*]

Danny Ray Williams was convicted by a jury trial of possession with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A) and was sentenced to 151 months imprisonment. He makes two arguments on appeal: that a police dog

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

jumping into his car before probable cause was established violated his Fourth Amendment rights, and that he did not consent to a forensic download of his cellphone. Additionally, he asserts that even if he did consent to the cellphone search, the forensic download exceeded the scope of that consent.

Under both issues, there is a dispute about the appropriate standard of review. Both parties agree that Williams failed to move for suppression pretrial. The Government contends that because the motion was untimely, it should be review for plain error. Williams argues that the facts underlying the rulings should be reviewed for clear error and the legal rulings should be reviewed de novo. He asserts that because the trial court ruled on the merits of his objection instead of simply dismissing them as untimely, the court implicitly found good cause under FED. R. CRIM. P. 12(c)(3). Under Williams's more stringent standard, "[a] factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001). The court reviews the evidence in the light most favorable to the government as the prevailing party. *Id*. Ultimately, this court does not need to make a ruling on this issue, as Williams's claims fail under either standard of review.

Williams's first argument is that the narcotics-sniffing dog jumping into his car before probable cause was established amounted to an unreasonable search under the Fourth Amendment. The Government counters that the dog's jump was permissible, as the Midland Police Department [MPD] already had probable cause before the dog was called to the scene. The Government's argument is convincing.

Warrantless searches of cars are permitted if they are supported by probable cause. *United States v. Seals*, 987 F.2d 1102, 1107 (5th Cir. 1993) (citing *United States v. Ross*, 456 U.S. 798 (1982)). Probable cause "is a fluid

concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *United States v. Massi*, 761 F.3d 512, 524 (5th Cir. 2014) (quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983)).  The threshold for probable cause "is something more than a bare suspicion, but need not reach the fifty percent mark."  *United States v. Garcia*, 179 F.3d 265, 269 (5th Cir. 1999).  Such determinations "are not to be made on the basis of factors considered in isolation, but rather on the totality of the circumstances."  *United States v. Banuelos-Romero*, 597 F.3d 763, 767 (5th Cir. 2010) (quoting *United States v. Reed*, 882 F.2d 147, 149 (5th Cir. 1989)).  Factors this court looks to when determining the reliability of an informant's information are personal credibility, corroboration, specificity and recency.  *United States v. Powell*, 732 F.3d 361, 372 (5th Cir. 2013).  Based on the totality of the circumstances, the MPD had probable cause to search Williams's car before the dog jumped into the window, so no unconstitutional search occurred.

Williams's second argument is that he did not give valid consent for the warrantless search of his cellphone.  He also asserts that, even if he did give consent, that consent was restricted.  Again, Williams's claim fails under either standard of review.

The Government does not need a search warrant to conduct a search if "it receives: (i) consent; (ii) that is voluntarily given; (iii) by someone with actual or apparent authority; and (iv) the search does not exceed the scope of the consent received."  *United States v. Staggers*, 961 F.3d 745, 757 (5th Cir.)(quoting *United States v. Freeman*, 482 F.3d 829, 831-32 (5th Cir. 2007)), *cert. denied*, 141 S. Ct. 388 (2020).  Warrantless consent searches of cell phones are permitted.  *See United States v. Gallegos-Espinal*, 970 F.3d 586 (5th Cir. 2020), *cert. denied,* 2021 WL 161096 (U.S. Jan. 19, 2021) (No. 20-6445); *United States v. Rounds*, 749 F.3d 326, 338 (5th Cir. 2014).

Consent "does not need to be explicit, but it can be inferred from silence or failure to object to a search only if that silence follows a request for consent." *Staggers*, 961 F.3d at 757 (quoting *United States v. Jaras*, 86 F.3d 383, 390 (5th Cir. 1996)). It "may also be inferred from actions that reasonably communicate consent." *Id.* (quoting *United States v. Lewis*, 476 F.3d 369, 381 (5th Cir. 2007)). Whether or not consent was given is analyzed under the totality of the circumstances. *Freeman*, 482 F.3d at 832. Under the totality of the circumstances, it is clear that Williams consented to the search of his phone.

Unlike the threshold question of whether or not consent was given, the scope of the consent is determined under a reasonable-officer standard. *Id.* at 832. If the scope of the consent is ambiguous, "the defendant has the responsibility to affirmatively limit its scope." *United States v. Sarli*, 913 F.3d 491, 495 (5th Cir.), *cert. denied*, 139 S. Ct. 1584, 203 L. Ed. 2d 741 (2019).

Even if we assume that Williams' objection to the officers viewing some sexually explicit videos was an affirmative limitation of the scope of consent, Williams was not prejudiced by this error in any way as the videos in question were not admitted into evidence. While the Fourth Amendment does apply to all searches and not just those that produce information entered into evidence, the doctrine of harmless error applies to questions of unconstitutional search and seizure. *Chambers v. Maroney*, 399 U.S. 42, 53 (1970). This court has held that it is not necessary to rule on improperly obtained evidence when that evidence is not admitted at trial. *United States v. Jones*, 457 F.2d 697, 698 (5th Cir. 1972). This court has also excused other constitutional violations on the grounds that the evidence obtained was not admitted at trial. *See, e.g., United States v. Brent*, 300 F. App'x 267, 271 (5th Cir. 2008) (concerning a possible Fifth Amendment violation); *United States v. Lopez-Moreno*, 420 F.3d 420, 435 (5th Cir. 2005) (mooting a Sixth Amendment violation). Accordingly, even if it was error for the MPD to do

No. 20-50325

a forensic download of all the phone's data, thus exceeding the scope of Williams' consent, the error was harmless.

Viewing the evidence in the light most favorable to the Government, Williams has failed to make the requisite showing and his conviction is AFFIRMED.